# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| In re: Athens/Alpha Gas Corporation, | ) | **ORDER RE: DEBTOR'S MOTION** |
| a Texas Corporation, | ) | **FOR MORE DEFINITE STATEMENT** |
| | ) | |
| Debtor. | ) | Case No. 1:05-mc-021 |

Before the Court is debtor Frank Woodside's "Motion for More Definite Statement," filed on June 23, 2006. Woodside is requesting that the Court determine whether the criminal contempt charge he faces is a felony, misdemeanor, or a petty offense. See Docket No. 29. Woodside's counsel has provided an affidavit supporting the motion. See Docket No. 30. In order to properly advise his client, Woodside's counsel asserts it is necessary to know the status of the charge prior to trial. The Government does not oppose the motion and notes that the statute appears to limit punishment in a manner consistent with a misdemeanor in the case of a criminal contempt not committed in the presence of the Court. See Docket No. 31.

This matter was referred to the Court from the Honorable William A. Hill, Bankruptcy Court Judge for the District of North Dakota, to initiate criminal contempt proceedings pursuant to Rule 42 of the Federal Rules of Criminal Procedure, in regard to the action by Athens/Alpha Gas Corporation and its president, Frank Woodside. On November 21, 2006, the Court issued an Order pursuant to Rule 42 of the Criminal Rules of Procedure which provided notice of the criminal contempt charge. See Docket No. 6. A jury trial in this matter is currently scheduled for September 6, 2006.

Criminal contempt consists of two forms: contempt for the authority of the Court and contempt which also constitutes an independent substantive criminal offense.[1] See 18 U.S.C. §§ 401, 402. It is well-established that the sentence to be imposed for violations which do not otherwise constitute independent substantive criminal offenses is within the discretion of the Court and is reviewable only for an abuse of discretion. See Lewis v. United States, 518 U.S. 322 (1996); Frank v. United States, 395 U.S. 147, 149-50 (1969) ("Congress, perhaps in recognition of the scope of criminal contempt, has authorized courts to impose penalties but has not placed any specific limits on their discretion; it has

---

[1]Section 401 of Title 18 of the United States Code provides:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as –
    (1)    Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
    (2)    Misbehavior of any of its officers in their official transactions;
    (3)    Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. Section 402, entitled "Contempts constituting crimes," provides as follows:

Any person, corporation or association willfully disobeying any lawful writ, process, order, rule, decree, or command of any district court of the United States or any court of the District of Columbia, by doing any act or there therein, or thereby forbidden, if the act or thing so done be of such character as to constitute also a criminal offense under any statute of the United States or under the laws of any State in which the act was committed, shall be prosecuted for such contempt as provided in section 3691 of this title and shall be punished for a fine under this title or imprisonment, or both.

Such fine shall be paid to the United States or to the complainant or other party injured by the act constituting the contempt, or may, where more than one is so damaged, be divided or apportioned among them as the court may direct, but in no case shall the fine to be paid to the United States exceed, in the case the accused is a natural person, the sum of $1,000, nor shall such imprisonment exceed the term of six months.

This section shall not be construed to relate to contempts committed in the presence of the court, or so near thereto as to obstruct the administration of justice, nor to contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States, but the same, and all other causes of contempt not specifically embraced in this section may be punished in conformity to the prevailing usages at law.

For purposes of this section, the term "State" includes a State of the United States, the District of Columbia, and any common wealth territory, or possession of the United States.

18 U.S.C. § 402.

not categorized contempts as 'serious' or 'petty'."); In re: Medlock, 406 F.3d 1066, 1073 (8th Cir. 2005) (holding that in contempt cases "the trial court has discretion to fashion the punishment to fit the circumstances."); United States v. Ray, 683 F.2d 1116, 1122 (7th Cir. 1982); United States v. Green, 140 F. Supp. 117, 121 (S.D. N.Y. 1956) (holding a sentence for criminal contempt "rests solely in the sound discretion of the Court, subject only to the Constitutional provision against cruel and unusual punishment"); 3A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 712 (3rd ed. 2004) ("[T]here is no limit on permissible punishment under the general federal contempt statute.").

This case falls under the provisions of 18 U.S.C. § 401 in that it involves allegations of criminal contempt for the authority of the bankruptcy court, which do not constitute an independent substantive criminal offense. It appears that both parties are considering the criminal contempt charge to be a typical criminal offense. However, criminal contempt is distinct from other substantive criminal offenses.

> The fact that we have come to regard criminal contempt as a crime in the ordinary sense, does not mean that any prosecution of contempt must now be considered an execution of the criminal law in which only the Executive Branch may engage. Our insistence on the criminal character of contempt prosecutions has been intended to rebut earlier characterizations of such actions as undeserving of the protections normally provided in criminal proceedings. That criminal procedure protections are now required in such prosecutions should not obscure the fact that these proceedings are not intended to punish conduct proscribed as harmful by the general criminal laws. Rather, they are designed to serve the limited purpose of vindicating the authority of the court. In punishing contempt, the Judiciary is sanctioning conduct that violates specific duties imposed by the court itself, arising directly from the parties' participation in judicial proceedings.

Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787, 799-800 (1987). The distinct nature of criminal contempt is also addressed in 18 U.S.C. § 3285 which provides that "No prosecution for criminal contempt within section 402 of this title . . . shall be a bar to any criminal prosecution for the same act." As a result of its distinct nature, a criminal contempt of this type (i.e., one not constituting

3

a separate substantive criminal offense) is not properly categorized as a petty offense, a misdemeanor, or a felony.[2]

To the extent that the Debtor's uncertainty is based on how a finding of guilt by a jury may affect his criminal history, the Court would note that in calculating the criminal history category of a defendant previously convicted of contempt, the Sentencing Guidelines categorize contempt[3] as a misdemeanor or petty offense and direct that such offenses be counted only if "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." U.S.S.G. § 4A1.2(c).

---

[2]Although not applicable to the offense facing the debtor, the Court notes that for those forms of criminal contempt which do constitute an independent substantive criminal offense, 18 U.S.C. § 402 provides a maximum sentence of six months imprisonment or a $1,000 fine, or both, providing that the contempt was not committed in the presence of the court, or so near there to as to obstruct the administration of justice, or that the contempt was not committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States.

In an attempt to exhaust all possible source of information on the nature of criminal contempt, the Court carefully reviewed the United States Sentencing Guidelines (U.S.S.G.) for guidance. However, the Sentencing Guidelines do not shed any light on how criminal contempt which constitutes an independent substantive criminal offense is to be categorized, i.e., whether a petty offense, misdemeanor, or felony. The Sentencing Guidelines do not appear to adopt the maximum sentences as set forth in 18 U.S.C. § 402. Rather, the Sentencing Guidelines provide that for a violation of 18 U.S.C. § 401 which constitutes an independent substantive criminal offense, Section 2J1.1 of the Sentencing Guidelines applies. Section 2J1.1 is a cross-reference to Section 2X5.1 (Other Offenses). Section 2X5.1 provides:

> If the offense is a felony or Class A misdemeanor for which no guideline expressly has been promulgated, apply the most analogous offense guideline. If there is not a sufficiently analogous guideline, provision of 18 U.S.C. § 3553(b) shall control, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable.

U.S.S.G. § 2X5.1. As a result, the Sentencing Guidelines do not appear to take into account the maximum sentence set forth in 18 U.S.C. § 402 in cases involving offenses charged under 18 U.S.C. § 401, nor the difference between contempts constituting independent criminal offenses and those which do not constitute separate crimes. In other words, the Sentencing Guidelines shed no light on the matter.

[3]As previously noted the Sentencing Guidelines do not differentiate between contempts constituting independent criminal offenses and those which do not constitute separate crimes (which arguably are not criminal offenses).

The Court recognizes that this Order may not provide the Debtor with much clarity. There is little, if any, guidance or direction in case law or the federal Sentencing Guidelines. Nevertheless, it appears to be clear that if the Debtor were found by a jury to have committed criminal contempt, any future federal prosecution would likely treat the prior offense as either a misdemeanor or a petty offense. See U.S.S.G. § 4A1.2(c). Such an approach would only be fair and just under the circumstances.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2006.

>/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court