IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| In re: Athens/Alpha Gas Corporation, | ) | **ORDER OF CONTEMPT** |
| a Texas Corporation, | ) | |
| | ) | Case No. 1:05-mc-021 |
| Debtor. | ) | |

This matter was referred to the Court from the Honorable William A. Hill, Bankruptcy Court Judge for the District of North Dakota, to initiate criminal contempt proceedings pursuant to Rule 42 of the Federal Rules of Criminal Procedure, in regard to the actions of Athens/Alpha Gas Corporation and its president, Frank Woodside. On November 21, 2006, the Court issued an Order pursuant to Rule 42 which provided notice of the criminal contempt charge. See Docket No. 6.

On November 14, 2006, the debtors, Frank Woodside and Athens/Alpha Gas Corporation, signed a stipulation which acknowledged the following:

> On about August 15, 2005, and thereafter in North Dakota, defendants disobeyed and resisted a lawful order and decree of the United States Bankruptcy Court for the District of North Dakota, in that defendants improperly and without authorization withdrew and disbursed funds from a debtor in possession bank account maintained in the matter of Athens/Alpha Gas Corporation, a Texas Corporation, in violation of Title 18, United States Code, Section 401.
> Specifically, defendants failed to obtain countersignatures from the Debtor's Counsel, on all disbursements from the Athens/Alpha Gas Corporation debtor-in-possession account; and defendants disbursed funds without Court approval. In all, defendant improperly disbursed as much as $67,032.14, of which as much as $43,436.11 was used for purposes other than what the Court found were legitimate operating expenses.

See Docket No. 36.

On November 15, 2006, the Court held a hearing regarding the criminal contempt charge against Woodside and Athens/Alpha Gas Corporation. The Court advised Woodside of his rights pursuant to Rule 42 of the Federal Rules of Criminal Procedure and of the potential punishment set forth in 18 U.S.C. § 401. Frank Woodside, in his personal capacity, and on behalf of Athens/Alpha Gas

Corporation, admitted to violating an order issued by Bankruptcy Judge William A. Hill. The Court found that Woodside made a knowing and voluntary waiver of his rights.

As a result of the stipulation filed by the parties and the admissions made at the November 15, 2006, hearing, the Court finds Frank Woodside and Athens/Alpha Gas Corporation in criminal contempt. The Court notes its broad authority to impose a penalty for criminal contempt and, although not necessarily applicable, the Court has carefully considered all the factors set forth in 18 U.S.C. § 3553(a) in determining a reasonable and appropriate penalty under the circumstances.

The Court noted in its August 22, 2006, Order (Docket No. 32), that criminal contempt consists of two forms: contempt for the authority of the Court and contempt which also constitutes an independent substantive criminal offense. See 18 U.S.C. §§ 401, 402. It is well-established that the penalty to be imposed for violations which do not otherwise constitute independent substantive criminal offenses is within the discretion of the Court and is reviewable only for an abuse of discretion. See Lewis v. United States, 518 U.S. 322 (1996); Frank v. United States, 395 U.S. 147, 149-50 (1969). This case falls under the provisions of 18 U.S.C. § 401 in that it involves allegations of criminal contempt for the authority of the Bankruptcy Court, which does not constitute an independent substantive criminal offense. Criminal contempt is not a typical criminal offense and is distinct from other substantive criminal offenses. As a result of its distinct nature, a criminal contempt of this type (i.e., one not constituting a separate substantive criminal offense) is not properly categorized as a petty offense, a misdemeanor, or a felony.

In summary, the Court **ORDERS** that Frank Woodside and Athens/Alpha Gas Corporation are found to be in criminal contempt of an order issued by Bankruptcy Judge William A. Hill. The Court **ORDERS** Woodside and Athens/Alpha Gas Corporation to make restitution or repayment of $43,436.11 to the Debtor's estate, or otherwise, for the benefit of creditors. Such repayment shall be

joint and several as to Woodside and Athens/Alpha Gas.  The Court further **ORDERS** that Woodside and Athens/Alpha Gas Corporation be placed on two (2) years of non-reporting probation.  The following conditions shall apply to the non-reporting probation:  (1) Woodside shall file a financial affidavit with the Clerk of Court under this case number every quarter over the next two years with the first financial affidavit to be submitted on or before March 31, 2007, and every quarter thereafter (June 30, September 30, December 30, March 31), and (2)Woodside shall make himself available for another deposition in aid of execution by the creditor(s) if deemed necessary and requested of him.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2006.

/s/  Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court